THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEILA RALEIGH, Also Known as SHEILA WINSTEN, and MARTHA RALEIGH WINSTEN, Appellants.

Third Department, November 6, 1975

*Nancy Stassinopoulos (Henry Mark Holzer, P. C.* of counsel), for appellants.

*Vernon N. Green* for respondent.

*Louis J. Lefkowitz, Attorney-General (Michael Colligan* and *Ruth Kessler Toch* of counsel), pursuant to section 71 of the Executive Law.

HERLIHY, P. J. Section 109 of the Agriculture and Markets Law (unless otherwise indicated all statutory references hereinafter are to the Agriculture and Markets Law) provides that all dog owners must secure licenses with a certain fee being therein specified. Chapter 1002 of the Laws of 1970 added a new section 109-b which provided that, in addition to licensing fees, the sum of 10 cents shall be paid by the dog owner.

At a hearing held on April 26, 1974 it was established without dispute that the defendants had tendered the fee required by section 109 to the Town Clerk for a license, but had not then tendered the additional 10 cents required by section 109-b. The defendants then argued that the additional requirement of 10 cents was unconstitutional and, accordingly, it was void and the Town Clerk was not empowered to collect the $10 as a civil penalty for harboring an unlicensed dog pursuant to section 113.

The Town Justice Court held that section 109-b was unconstitutional as it violated the defendants' rights pursuant to the Eighth and Fourteenth Amendments to the Federal Constitution and section 6 of article I of the New York State Constitution.

County Court has held that the payment required by section 109-b is a tax upon dog owners, but that it is not discrimina-

tory or otherwise unconstitutional and remitted the matter for further proceedings. Upon remittal, judgment was entered in favor of the plaintiff.

Section 109-b as applicable herein provides in part as follows:

"1. The legislature finds and declares that the study of diseases of dogs is of vital importance to help in curbing the spread of disease and in promoting the health and welfare of the people of the state; that research into diseases of dogs and the search for and the study of viruses that affect man and animals can be of invaluable assistance in preventing and curing disease generally; and that funds for such research and studies should be made available by increasing the annual fees for the licensing of dogs.

"2. To all fees for the licensing of dogs, as provided in sections one hundred nine and one hundred ten of this article, there shall be added the sum of ten cents."

Upon this appeal, the Attorney-General does not dispute the finding that the imposition provided for in section 109-b is a tax. A reading of the statute demonstrates that it is a special, specific, property tax. (See, generally, 71 Am Jur 2d, State and Local Taxation, §§ 20, 21, 24, 30.)

The sole issue is whether or not the imposition of a tax upon dog owners in order to support dog disease research, when the owners of other animals are not similarly taxed, violates the equal protection clause.

Initially, there is a presumption of constitutionality which applies to all statutes. Courts, if at all possible, are required in cases of ambiguity to interpret statutes so as to uphold their constitutionality (McKinney's Cons Laws of NY, Book 1, Statutes, § 150). The defendants bear a heavy burden in proving the statute unconstitutional. The applicable rule involved herein is that "a classification * * * must be based on a real and substantial difference having a reasonable relation to the subject of the legislation" *(Quaker City Cab Co. v Pennsylvania,* 277 US 389, 402). In formulating classifications, the States have wide discretion and minor inequalities do not constitute a violation of the requirement of equal protection. (See *Allied Stores of Ohio v Bowers,* 358 US 522, 526–528; *Wisconsin v J.C. Penney Co.,* 311 US 435, 445; *Madden v Kentucky,* 309 US 83, 88; *Salomon v State Tax Comm.,* 278 US 484, 492.)

Applying the above rules, it is apparent that dogs are a specific species of animal which presumably has particular

immunities and susceptibilities to various diseases. The Legislature has found that some diseases affect both man and animals (dogs) in subdivision 1 of section 109-b and that finding is not disputed here. It seems apparent that research into dog diseases will directly benefit dog owners although such research may incidentally benefit owners of other species of animals susceptible to diseases common with dogs and mankind generally. The funds raised are earmarked for research on dogs and it does not thus appear that there is any unreasonableness in the classification of dogs as an appropriate base for the tax.

"A legislature may address a problem 'one step at a time', or even 'select one phase of one field and apply a remedy there, neglecting the others'" (*Jefferson v Hackney,* 406 US 535, 546, citing *Williamson v Lee Optical Co.,* 348 US 483, 489). The defendants have failed to establish any unconstitutionality.

The order should be affirmed, without costs.

GREENBLOTT, KANE, MAIN and REYNOLDS, JJ., concur.

Order affirmed, without costs.